IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YVONNE TAYLOR, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 09-cv-00377 |
| v. | ) Magistrate Judge Bissoon |
| | ) |
| PITTSBURGH MERCY HEALTH | ) *ELECTRONICALLY FILED* |
| SYSTEM, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR EXPEDITED COLLECTIVE ACTION NOTIFICATION (DOC. 3) AND TO EXPEDITE HEARING (DOC. 7)

This is a purported Fair Labor Standards Act ("FLSA") collective action and Rule 23 class action. The collective action has not been conditionally certified under 29 U.S.C. § 216(b). No Rule 26(f) conference has occurred among counsel, nor a Rule 16 conference with the Court. The action was filed approximately three weeks ago and defendants contemplate Rule 12 motions in response to the complaint. Plaintiffs have filed a parallel state court proceeding against the same named defendants, based on identical factual allegations. *See Taylor v. Pittsburgh Mercy Health System, Inc., et al.*, GD No. 09-006476 (Pa. Common Pleas, Allegh. Co., Apr. 1, 2009).

In motions filed only one day after the complaint, the two plaintiffs seek an expedited hearing and expedited, court-facilitated notice to potential opt-in plaintiffs. Although not stated in their papers, plaintiffs are effectively asking at this very early stage for conditional certification of an FLSA collective action and immediate issuance to an undefined, indeterminate group of individuals of notice, indicating they have a "right" to participate in this action as opt-in plaintiffs. Plaintiffs' effort to conditionally certify a class indirectly through this motion for

expedited notice is revealed in the proposed notice, which provides: "The court has allowed the lawsuit to be conditionally certified as a collective action on behalf of employees affected by Pittsburgh Mercy's Policy." (Doc. 5 Attachment 1). Of course, this court has made no such determination on conditional certification and notice suggesting that it has puts the cart before the horse. Further, such expedited notice is contrary to the authorization in *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989), for district courts to intervene in and oversee the notice process in a collective action.

Defendants Pittsburgh Mercy Health System, Inc., The Mercy Hospital of Pittsburgh, St. Pius X Residence, Inc., Kenneth Eshak and Kristen Bell (collectively "Mercy Defendants") oppose plaintiffs' motions (Doc. 3 and 7) for three primary reasons:

A.    Plaintiffs' request for conditional class certification and Court-facilitated expedited notice is premature and counter to the Court's interest in just management of this case.

B.    Even if it was appropriate to consider conditional class certification and Court-facilitated notice at this time, which it is not, the content and manner of Court-facilitated notice that plaintiffs seek is improper.

C.    The two named plaintiffs are not similarly situated to all those to whom they would have the Court facilitate notice. Rushing to issue notice now will unnecessarily mislead individuals into believing they have a right to opt into this action.

These arguments are more fully addressed below.

**A.    Plaintiffs' Request for Court-Facilitated Notice is Premature**

Plaintiffs' motions are premised upon a shotgun-style complaint, lifted almost verbatim from other lawsuits (brought by this same plaintiffs' counsel) against other health systems. *See, e.g., Fengler, et al. v. Crouse Health Foundation, Inc., et al.,* No. 5:08-CV-1221 (N.D. N.Y., filed Nov. 13, 2008); *Colozzi, et al., v. St. Joseph's Hosp. Health Ctr., et al.,* No. 6:08-CV-1220 (N.D. N.Y., filed Nov. 13, 2008); *Hamelin, et al. v. Faxton-St. Luke's Healthcare, et al.,*

No. 6:08-CV-1219 (N.D. N.Y., filed Nov. 13, 2008); *Camesi, et al. v. University of Pittsburgh Medical Center, et al.*, No. 3:09-cv-00085 (W.D. Pa., filed Mar. 31, 2009); *Kuznyetsov, et al. v. West Penn Allegheny Health System, Inc., et al.*, No. 2:09-cv-00379 (W.D. Pa., filed Apr. 1, 2009).  Instead of drafting a complaint with allegations tailored to the Mercy Defendants, plaintiffs filed the same complaint they have filed elsewhere, asserting only general allegations against the Mercy Defendants with the clear intent of involving the largest possible group of potential opt-in plaintiffs, as is clear from its generous use of the express proviso "upon information and belief" in many paragraphs.  Doc. 1 ¶¶ 22-24, 27-41, 50-62.

The generic nature of the complaint is not, however, due to lack of time to develop specific allegations.  Plaintiffs' counsel was collecting consent forms from potential opt-in plaintiffs for at least nine months before filing this lawsuit.  Of 138 consent forms filed to date, only 6 were signed in the 30 days before the complaint was filed; the rest were signed between June 2008 and March 2009.  In fact, 72 consents, more than half the current total, were signed five months or more before the complaint was filed.  So, although plaintiffs assert that expedited notice is "crucial" because the claims of potential opt-in plaintiffs "die daily" until they file consent forms (Doc. 8), they apparently felt no urgency in the months preceding this action while they collected consents of opt-in plaintiffs to join a suit not yet filed.

In the 20 years since *Hoffman-La Roche, Inc. v. Sperling*, district courts (including this Court) have often facilitated notice to potential opt-in plaintiffs in collective actions.  This typically, however, was after a sufficient showing by named plaintiffs that other individuals were similarly situated and entitled to notice of their potential right to opt in, not on the unconsidered basis plaintiffs request here.  *See, e.g., Bishop v. AT&T Corp.*, No. 08-468, 2009 WL 763946 (W.D. Pa. March 23, 2009) (Ambrose, C.J.); *Pontius v. Delta Fin. Corp.*, No. 04-1737, 2005 WL 6103189

(W.D. Pa. June 24, 2005); *Mueller v. CBS, Inc.*, 201 F.R.D. 425 (W.D. Pa. 2001) (Ambrose, C.J.).  The FLSA itself and the decision in *Sperling* demonstrate that Court-facilitated notice is not required in every collective action.  When it is appropriate, it should be handled in an orderly, considered manner, not in the hurried fashion plaintiffs request.

Named plaintiffs in an FLSA action may maintain claims on behalf of "other employees similarly situated."  29 U.S.C. § 216(b).  In order to proceed in this manner, individuals similarly situated to the named plaintiffs must file written consents in the court in which the action is brought.  *Id.*  The statute does not, however, require or even address how notice to any individuals determined to be similarly situated to the named plaintiffs shall occur.

In *Sperling*, 493 U.S. at 169-70, the Court addressed "whether, in an ADEA [collective] action, district courts may play any role in prescribing the terms and conditions of communication from the named plaintiffs to potential members of the class on whose behalf the collective action has been brought."  (Collective actions under the ADEA are authorized by 29 U.S.C. § 626(b), which borrows the FLSA opt-in mechanism.)  The Court held "that district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs."  *Sperling*, 493 U.S. at 169.  The Court in *Sperling* did not, as plaintiffs assert (Doc. 4 at 7), "direct" district courts to facilitate notice.  The Court declined to examine the terms and conditions of such notice, holding simply:  "We confirm the existence of the trial court's discretion, not the details of its exercise."  *Id.* at 170.

Given *Sperling* and its subsequent application by district courts, it would be normal for plaintiffs at an appropriate time to seek conditional certification and court-facilitated notice, but the unusual (if not unprecedented) request here is for this Court to expedite notice to potential opt-ins immediately upon the filing of the complaint without reasoned deliberation as to whether

the action should proceed as a conditionally-certified collective action.  For the reasons below, it is premature and legally inappropriate for the Court to address conditional certification and Court-facilitated notice.

      **1.**    **The expedited nature of Court-facilitated notice as sought by plaintiffs is not appropriate in an FLSA collective action.**

While it may be true, as plaintiffs generally assert, that "motions for notice are typically granted" (Doc. 4 at 1.), they are not granted on an expedited basis at the earliest possible moment in the case – i.e., immediately after filing of the complaint.  The Mercy Defendants are unaware of any district court that has upon commencement of the action conditionally certified it as an FLSA collective action and facilitated notice on the type of expedited basis sought by plaintiffs. If plaintiffs were aware of such a case, they would have brought it to the Court's attention in their papers (Doc. Nos. 4 and 8).

Four recent cases in which plaintiffs' counsel sought expedited notice just as they have here show that district courts do <u>not</u> "typically grant" such motions for expedited notice, but instead allow time for resolution of the various issues presented.  *See Hinterberger, et al., v. Catholic Health Systems, Inc., et al.,* Civ. A. No. 08-CV-00380 (W.D. N.Y. filed May 28, 2008) (complaint, motion for class certification and motion for expedited notification filed nearly a year ago, but court has not conditionally certified the class or facilitated notice); *Fengler, et al. v. Crouse Health Foundation, Inc.*, *et al.,* No. 5:08-CV-1221, slip op. (N.D. N.Y. Jan. 26, 2009) (court did not certify class and order notice until more than four months after filing of complaint, during which time defendants were afforded opportunity to answer and file dispositive motions); *Colozzi, et al., v. St. Joseph's Hosp. Health Ctr., et al.,* No. 6:08-CV-1220, slip op. (N.D. N.Y. Jan. 26, 2009) (court facilitated notice more than four months after complaint was filed after substantially narrowing scope of putative class, based on factual issues disposed of in defendants'

answer and dispositive motions); *Hamelin, et al. v. Faxton-St. Luke's Healthcare, et al.*, No. 6:08-CV-1219, slip op. (N.D. N.Y. Jan. 26, 2009) (court waited more than four months to facilitate notice after plaintiffs filed their complaint, during which time defendants answered the complaint and the court ordered the parties to begin discovery).

Even where notice has been granted, it has occurred in a much more measured way than what plaintiffs propose here. For example, in *Rubery v. Buth-NA-Bodhaige, Inc.*, 569 F.Supp. 2d 334 (N.D. N.Y. 2008) (same plaintiffs' counsel), the court granted "expedited" notice more than *four years* after the complaint was filed, after an answer and dispositive motions were filed, and almost three years after plaintiffs filed their motion for expedited notice. In *Longcrier v. HL-A Co., Inc.*, 595 F.Supp. 2d 1218 (S.D. Al. 2008), the court granted notice only after conditionally certifying the collective action nearly a year after the complaint was filed and six months after the motion for conditional certification.

Similarly, in ADEA or FLSA collective actions from this Court that plaintiffs cite in support of their motion for expedited notice, a much more orderly process for Court-facilitated notice was followed than what plaintiffs request here. *See Bishop, et al. v. AT&T Corp.*, No.2:08-CV-00486, slip op. (W.D. Pa. Mar. 23, 2009) (Ambrose, C.J.) (defendant answered complaint and parties engaged in more than five months of discovery before court-facilitated notice nearly a year after filing of complaint); *Mueller, et al. v. CBS, Inc.*, 201 F.R.D. 425, 428 (W.D. Pa. 2001) (Ambrose, C.J.) (pleadings closed and parties engaged in more than a year of discovery before Court-facilitated notice more than a year and a half after filing of complaint).

Although plaintiffs cite *Pontius v. Delta Fin. Corp.*, No. 04-1737, 2005 WL 6103189 (W.D. Pa. June 24, 2005), as support for their position, *Pontius* does not support the type of expedited notice they seek. In *Pontius*, the plaintiffs filed their complaint on November 15,

2004, and the court approved notice seven months later after defendants answered the complaint

and the court held a case management conference.  *Pontius* confirms that Court-facilitated notice

at this early stage would be premature, legally extraordinary and without factual support.

In short, courts have not allowed the type of rushed determinations regarding conditional

certification and Court-facilitated notice that plaintiffs request.

**2.      Other case management issues exist for the Court to address before ruling on conditional class certification and expedited notice.**

The Mercy Defendants contemplate filing Rule 12 motions, addressed to deficiencies in

plaintiffs' complaint, including but not limited to (a) lack of specificity as to plaintiffs' claims, (b)

ambiguity as to the identity of the defendants, (c) failure to state a claim for "estoppel," and (d)

failure to state a claim under RICO.  In particular, many of the "entities" named in paragraphs 15

and 16 of the complaint, and labeled in paragraph 17 as "defendants" (although not named in the

caption and neither sued nor served) do not have employees or have employees not subject to the

claimed unlawful policies.

If these issues are addressed first, the Court may have no need to consider facilitating

notice to current and former employees of entities described as "defendants" but not named as

such.  Further, regardless of how any Rule 12 motions are ruled upon, the scope of individuals

entitled to notice and the form of the notice will require further briefing.  The Court would

conserve its and the parties' resources by denying the motion for expedited notice, and

determining conditional certification and whether to facilitate notice only after ruling on

threshold issues and any dispositive motions.  "Certification decisions are critical and should be

made only after consideration of all relevant information and arguments presented by the

parties." *Manual for Complex Litigation* § 21.11 (describing various threshold matters a district

court should address before determining whether to certify a class, including consideration of

any dispositive motions, pretrial scheduling and deadlines, discovery needs and any overlapping or duplicative state court suits).

In a similar case, involving the same plaintiffs' counsel, *Stickle v. SCI Western Market Support Center LP*, No. CV-08-83 (D. Ariz. 2008), the court denied plaintiffs' motion for an expedited collective action notification without prejudice to a later refiling because the defendants explained they were planning to file Rule 12 motions which might affect the potential class.  The Court here similarly would not unfairly prejudice plaintiffs by denying their expedited motions, but would facilitate judicial economy by considering and resolving core threshold issues before issuing a broad and unconsidered class notice.

> **3.     Plaintiffs cannot claim that harm will arise from delaying conditional certification and Court-facilitated notice.**

Plaintiffs' counsel have contended, as they do in all lawsuits of this type they file, that potential class members will be prejudiced if class notice is not immediate.  Such claims are disingenuous.  As evidenced by when the consents filed in this action were signed, plaintiffs' counsel has had these claims in their hands for nine months.  Of the 138 consent forms filed to date, at least 36 were signed eight months before, and at least 124 three months before, the lawsuit was commenced.  Plaintiffs have voluntarily imposed delay in filing this action, so they cannot claim unfair prejudice from not receiving expedited notice.

In fact, plaintiffs' counsel have been in contact with putative class members for almost a year, soliciting individuals to join the litigation.  Plaintiffs have published press releases about the case, held a televised press conference at the Omni William Penn on April 1, 2009, set up a website for potential class members (*see* www.pittsburghmercyclassaction.com), and contacted potential class members, advising of potential claims against the Pittsburgh Mercy Health System and others.  A sample solicitation dated October 30, 2008, with the recipient's name and

address redacted, is attached as Exhibit A. Their assertion that in the absence of immediate, court-facilitated notice, putative class members will be unfairly prejudiced is belied by the fact that their counsel has been sending notices and has been in contact with putative class members for almost a year.

In light of these solicitation efforts, plaintiffs cannot claim harm from not receiving expedited notice, and their motion is revealed for what it is – although not described as such, a fast-track effort to get conditional class certification before the Mercy Defendants or the Court have any real opportunity to consider and address the many issues that will directly affect whether and what type of notice is permitted.

**4.  Plaintiffs envision multiple periods of Court-facilitated notice, with differing and potentially overlapping deadlines for opting in, which would not be an orderly method of case management.**

This Court has both the duty and the authority to exercise control over an FLSA collective action. *Sperling*, 493 U.S. at 171 (citing *Gulf Oil Co. v. Bernard,* 452 U.S. 89 (1981)); *see also* Fed. R. Civ. P. 1.

When read with the complaint, plaintiffs' proposed notice clearly implies additional, subsequent notices and notice periods. The complaint purports to describe three different policies on which plaintiffs' claims are based – the "Meal Break Deduction Policy" (Doc. 1 at ¶¶ 74-93), the "Unpaid Preliminary and Postliminary Work Policy" (*Id.* at ¶¶ 94-97), and the "Unpaid Training Policy" (*Id.* at ¶¶ 98-102). However, plaintiffs' proposed form of notice (Doc. 5 attachment 1) references only one of these three – the alleged "Meal Break Deduction Policy." Unless plaintiffs will concede that claims based on the alleged "Meal Break Deduction Policy" are the only ones requiring notice, their position (not openly articulated) is that later Court-facilitated notice(s) will be requested covering their other claims.

No reason exists for this Court to grant notice in this piecemeal fashion.  Considering and narrowing issues will permit notice, if granted, to be addressed in an orderly fashion. Unnecessary issuance of multiple notices is contrary to the Court's interest in orderly case management.  Further, court-facilitated notice generally includes a deadline for opt-in plaintiffs to file their written consents, after which there is finality as to the scope of the collective action. Multiple notice periods covering different alleged fact patterns and with multiple notices likely sent to some of the same individuals, but with differing Court-ordered deadlines for opting in, would result not in efficient and orderly procedure, but in confusion and wasted resources.

    **5.**        **Even if plaintiffs' motion was timely, courts in the Western District of Pennsylvania do not automatically grant conditional certification and Court-facilitated notice.**

Despite plaintiffs' assertions in their brief, this Court has not automatically granted conditional certification and facilitated notice in these types of cases.  *See Stanislaw v. Erie Indemnity Co.,* No. 07-1078, 2009 WL 426641 (W.D. Pa. Feb. 20, 2009) (denying plaintiffs' motion for conditional certification because plaintiff did not make factual showing based on first-hand knowledge of similarly-situated employees).  Although what is required at this stage is "modest," a factual showing that similarly situated employees were affected by the same policy is necessary.  *Stanislaw*, 2009 WL 426641 at *2.

In *Bond v. National City Bank of Pennsylvania*, No. 05-0681, 2006 WL 1744474 (W.D. Pa. June 22, 2006), Judge Schwab denied plaintiffs' motion for conditional certification (after the pleadings had closed) because plaintiffs failed to make the requisite showing that they and the prospective plaintiffs were similarly situated or were common victims of an unlawful policy.  *Id.* at *3-4.

This Court similarly must review affidavits and other facts presented to determine whether the potential opt-ins are similarly situated to the named plaintiffs.  Since it is not clear

that plaintiffs have even met this standard for conditional certification, expediting notice at this early stage is premature and inappropriate.

**B.      The Manner and Content of Court-Facilitated Notice that Plaintiffs Seek is Inappropriate**

Plaintiffs entire approach to the issue of notice to potential opt-in is in disregard of proper procedures.  Plaintiffs' counsel has been engaging in broad-based solicitations to potential plaintiffs since at least June 2008 – nine months before filing this action.  Plaintiffs' counsel's website (*see* www.pittsburghmercyclassaction.com) contains a link for Mercy employees devoted to soliciting plaintiffs with an opt-in consent form, which has not been approved, reviewed or even submitted to this Court, as contemplated by Section 216(b) of the FLSA.  These are the consent forms filed in this lawsuit.  In *Sperling*, the Supreme Court warned of the inherent dangers in promulgating notice without the court's approval:

> By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative.  Both the parties and the court benefit from settling disputes about the content, of the notice before it is distributed.  This procedure may avoid the need to cancel consents obtained in an improper manner.

493. U.S. at 172.

Now plaintiffs seek an expedited notice that is in multiple respects improper.

**1.      U.S. Mail is the only appropriate form of notice.**

Plaintiffs seek an order (Doc. 3 attachment 1) requiring the Mercy Defendants to e-mail class notices and opt-in forms to employees, and post notices at workplaces and in employee newsletters.  This request goes beyond well-established requirements for providing notice to potential class members and is without factual or legal support.  First-class mail is an adequate means and indeed the preferred method of providing potential class members with "accurate and timely notice concerning the pendency of the collective action." *Sperling*, 493 U.S. at 170; *Ritzer v. UBS*

*Financial Services, Inc.*, No. 08-CV-01235, 2008 WL 4372784 (D. N.J. Sept. 22, 2008) ("[F]irst

class mail is sufficient to place putative class members on notice of collective action").

In *Reab v. Electronic Arts. Inc.*, 214 F.R.D. 623, 630-31 (D. Colo. 2002), the court addressed

notice to potential class members by electronic mail and a website posting, in addition to first-class

mail, and held that electronic means were unnecessary and potentially problematic:

> In contrast [to first class mail], electronic communication
> inherently has the potential to be copied and forwarded to other
> people via the internet with commentary that could distort the
> notice approved by the Court.  Electronic mail heightens the risk
> that the communication will be reproduced to large numbers of
> people who could compromise the integrity of the notice process.
> In addition, email messages could be forwarded to nonclass
> members and posted to internet sites with great ease.  First class
> mail ensures, at the outset, that the appropriately targeted audience
> receives the intended notification and maximizes the integrity of
> the notice process.

Plaintiffs' request that the Mercy Defendants be required to distribute class notices and opt-in

forms by electronic means is similarly unnecessary, redundant and holds the potential for distribution

of misinformation.  Plaintiffs have presented no reason why first-class mail is insufficient.  If this

Court at some point determines that notice is proper, it should require plaintiffs to distribute notices

and opt-in forms by first-class mail only.

Plaintiffs' further request that the Mercy Defendants publicize the notice in employer

communications and through posting in a conspicuous place also is redundant and unnecessary,

given the adequacy of first-class mail to provide notice.  *See Mowdy v. Beneto Bulk Transport*, 2008

U.S. Dist. LEXIS 26233 *31 (N.D. Cal. Mar. 31, 2008) (posting of notices not necessary to effect

"best notice practicable" where no more than 1,000 putative class members who would see posting).

Plaintiff's counsels' proposed methods of notice should be rejected as they are aimed more at

convincing putative class members to join the class than to simply provide them with notice of it.

2. __Plaintiffs have no right to employees' personal information.__

Plaintiffs also seek to avoid normal discovery procedures by requesting an expedited order that the Mercy Defendants immediately produce personal and highly sensitive information about all employees of the "defendants" (presumably, the extensive list of entities and locations in paragraph 17 of the complaint, whether actually sued or not).  Plaintiffs seek for such individuals "the employee's name, current or last known address, phone number, social security number, location of employment, dates of employment, date of birth and e-mail address."  (Doc. 3 attachment 1).

Courts have routinely denied plaintiffs' requests for personal information like social security numbers and telephone numbers, citing the privacy concerns of potential class members.  *See e.g.*, *Humphries v. Stream Int'l, Inc.*, 2004 U.S. Dist. LEXIS 20465 *12 (N.D. Tex. Feb. 13, 2004) (rejecting plaintiffs' counsel's argument that telephone numbers, dates of birth and social security numbers of potential class members were required because "[a]ny need for the compelled disclosure of such data is outweighed by the privacy interests of these current and former workers . . . and there is no apparent reason to conclude that sending a letter to the person's last known address will be inadequate"); *see also Francis v. A&E Stores. Inc.*, 2008 U.S. Dist. LEXIS 49971, *8-9 (S.D.N.Y. Jun. 26, 2008) (rejecting plaintiffs' request for social security numbers, telephone numbers, and dates and location of employment); *Lee v. ABC Carpet & Home*, 2008 U.S. Dist. LEXIS 38725, *9 (S.D.N.Y. May 9, 2008) (finding "sensitive" private information, the social security numbers of potential class members, need not be provided to plaintiffs' counsel).

Since plaintiffs have cited no reason for needing this highly sensitive information about employees (especially of entities which may not be "defendants" despite the characterization in paragraph 17 of the complaint), this is in effect an unauthorized premature discovery request.  In light of the privacy concerns of potential class members, even if notice is later deemed appropriate, the

Mercy Defendants should be required to produce <u>only</u> the names and last known addresses of current and former employees that are members of a conditionally-certified class.

>   **3.      Plaintiffs' proposal that the Court require notice to "all current and former hourly employees of the defendants" is unworkable.**

Plaintiffs seek a Court order "requiring the issuance of an expedited notice as set forth in Exhibit A to all current and former hourly employees of the defendants whose pay was subject to an automatic deduction even when employees performed compensable work." (Doc. 3 attachment 1).

Two significant problems make this proposal unworkable. First, there are five named defendants, but paragraphs 15 and 16 of the complaint list another 60-plus entities and locations that plaintiffs refer to collectively as "defendants" in paragraph 17. Doc. 1 at ¶¶ 15-17. By proposing that notice be sent to current and former hourly employees of "defendants," plaintiffs seek to expand significantly and unreasonably the scope of those current and former hourly employees who would receive notice. No notice is appropriate until the parties reach some clarity as to who really are "defendants" and which employees of which entities should receive notice.

Second, plaintiffs seek to send notice to this broad class of employees of undetermined "defendants" for an indefinite time period. The maximum statute of limitations for an FLSA claim is three years, but plaintiffs specify no time limitation, which means that, if plaintiffs' motion were granted, the Mercy Defendants would need to attempt to identify all current and former hourly employees of all paragraph 17 "defendants" retroactively and indefinitely – an impossible task.

The Mercy Defendants again note that plaintiffs' counsel has used a website (*see* www.pittsburghmercyclassaction.com) to advertise its intent to file suit against the Mercy Defendants. That website indicates plaintiffs' counsel's clear understanding that the scope of this action includes a time limitation and a narrower scope of employer-entities than what plaintiffs now

call "defendants."  The following excerpt appears in at least three places on plaintiffs' counsel website:

> **Do I Qualify For The Case?**
>
> To qualify, you will likely need to meet the following three criteria:
>
> - Worked as an hourly employee for Pittsburgh Mercy Health System (Catholic Health East) at any of its locations at some point in the last three years;
> - Worked for at least part of a meal period; and
> - Were not paid for that meal period.
>
> Additionally, you can contact us to see if you qualify. There is no charge or obligation if you contact us. We will not disclose to Pittsburgh Mercy Health System (Catholic Health East) that you have contacted us.

*See* www.pittsburghmercyclassaction.com.  Although plaintiffs seek issuance of notice to all current and former hourly employees of the broadly-described "defendants" with no time period limitation, that is contrary to what their counsel has represented to potential opt-in plaintiffs on their website.

**4.     The content of the notice as proposed by plaintiffs is not appropriate.**

The Court should oversee any notice process to ensure that potential opt-ins are fully apprised of the consequences of joining this lawsuit.  *Sperling*, 493 U.S. at 173-74.  Any notice should be clear and unambiguous, and crafted to be fair to all parties.  *See Rolen v. Barnhart*, 273 F.3d 1189 (9th Cir. 2001) (an effective notice must accurately state the law).  The Court should not, however, accept plaintiff's' proposed notice, consent form, information sheet and envelope (Doc. 5 attachment 1) because they are not accurate and informative.

Plaintiff's counsel assert that they "modeled their proposed notice heavily on the examples provided on the Federal Judicial Center's website" (Doc. 4 at 29) for Rule 23 opt-out class actions, as opposed to opt-in collective actions.  The fundamental differences between Rule

23 opt-out class actions and opt-in collective actions create doubt about the appropriateness of Rule 23 model notices. *See Cameron-Grant v. Maxim Healthcare Servs., Inc.,* 347 F.3d 1240, 1249 (11th Cir. 2003) (FLSA collective action is "fundamentally different creature than the Rule 23 class action"), *cert. denied*, 541 U.S. 1030 (2004). Plaintiffs' proposed notice fails to advise putative plaintiffs that, unlike a Rule 23 class action, participation in an FLSA collective action is not passive. Putative plaintiffs must be made aware that they may be required to participate in discovery, which may include searching for and producing documents, responding to written discovery, attending and participating in depositions, and that they may have to give trial testimony.

The proposed notice also fails to inform putative plaintiffs of the consequences of joining the lawsuit at page 4 (Doc. 5 attachment 1) where it describes: "How will the lawyers get paid?" This subsection explains what might occur if plaintiffs prevail on their lawsuit, but not what putative plaintiffs' obligations are if they do not. It fails to inform putative plaintiffs that they might be ultimately responsible and personally liable for their share of the court costs and litigation expenses. *See Fasanelli v. Heartland Brewery, Inc.,* 516 F.Supp. 2d 317 (S.D. N.Y. 2007) (FLSA collective action notice was to include statement informing opt-in plaintiffs of any arrangements regarding attorney fees and costs).

Next, although plaintiffs' counsel purports to "model" their notice after the Federal Judicial Center's Rule 23 example, they neglect to state that they omitted the section, entitled "Who is in the Class?", which has subsections entitled: "Am I part of this Class?"; "Which current and former employees are included?"; "Are any [employees] who worked for [employer] not included in the Class?"; and "I'm still not sure if I am included?" This omission demonstrates that even plaintiffs' counsel are unsure of the class they want to conditionally certify, which

undercuts any assertion that a potential opt-in could make an informed decision about joining this lawsuit upon receipt of plaintiffs' proposed notice. Because plaintiffs' proposed notice fails to inform putative plaintiffs if they are members of the proposed class, it is deficient.

Numerous other issues preclude approval of plaintiffs' proposed notice at any stage of this collective action:

- On page one of the proposed notice, it indicates that the Court has "conditionally certified as a collective action on behalf of employees affected by the Pittsburgh Mercy's policy" but fails to describe the "policy" to which it refers.

- The proposed notice improperly refers the putative plaintiffs to plaintiffs' counsel's website for more information, which information the Court would have to approve and monitor.

- The proposed notice and consent form fail to provide a deadline for opting into the lawsuit. Plaintiffs assert that they "may send additional written notices to affected employees" (Doc. No. 4 at 31), but fail to admit that they will not be permitted do so during the opt-in period. In fact, this Court should order Plaintiff's counsel to cease all non-Court-approved communications with the putative plaintiffs, such as those described above, until after the opt-in period has concluded. *See Partlow v. Jewish Orphans Home*, 645 F.2d 757 (9th Cir. 1981) (striking consents arising from improper communication).

- The proposed notice and consent form fail to mentions the name of the lawsuit. *See Heitmann v. City of Chicago*, 2004 WL 1718420, *2 (N.D. Ill. 2004) (holding that a consent form in an FLSA case must allow putative plaintiffs to elect separate counsel and "mention the lawsuit by name or by number").

- In fact, the proposed notice and consent form fail even to inform the putative plaintiffs of the defendants whom they are suing. *See Henry v. Quicken Loans, Inc.,* 2006 WL 2811291 * 6 (E.D. Mich. Sept. 28, 2006)(ordering the issuance of a corrective notice and a withdrawal form because plaintiffs' non-court-approved consent forms failed to inform putative plaintiffs that an individual was sued in his individual capacity).

- The proposed notice contains information that is not relevant, such as the "retaliation" subsection entitled "I am afraid Pittsburgh Mercy may take some action against me if I join," which is not a subsection in the Federal Judicial Center's Rule example. Not only is such a subsection not relevant, it is also legally erroneous because it purports to subject the Mercy Defendants to liability for taking "any

action" against the putative plaintiffs for joining the lawsuit, as opposed to any unlawful retaliatory action.

In sum, the proposed notice and related documents plaintiffs propose should not be approved at any stage, even if the Court after resolving threshold issues conditionally certifies this action and facilitates notice.[1]

**C.**     **The Two Named Plaintiffs Are Not Similarly Situated to All of the Individuals to Whom They Would Have the Court Facilitate Notice.**

When a district court exercises authority under *Sperling* to facilitate notice to potential opt-ins, the notice is to individuals determined likely to be "similarly situated" to the named plaintiffs. "[M]ost courts, as well as the most recent decisions in the Western District of Pennsylvania, have required a 'modest factual showing' before a class can be conditionally certified" under the FLSA. *Stanislaw*, 2009 WL 426641 at *1 (gathering cases). This "modest factual showing" that the individuals to whom notice would be sent are similarly situated to the named plaintiffs is a higher threshold than the "mere allegation" standard that other courts, including those cited by plaintiffs, follow. *Id.*

As set forth above, it is premature for the Court to assess whether all of the individuals to whom the plaintiffs seek to send notice are similarly situated under the "modest factual showing" standard, but clearly many such individuals are not.

In support of their motions seeking expedited notice, plaintiffs filed affidavits of the named plaintiffs (Taylor and Camesi) and a third individual (Brunner). (Doc. 5 attachment 6-8). All three individuals are former caregiver employees of "the Hospital at the Mercy Hospital

---

[1] Prior attempts of plaintiffs' counsel to utilize similar proposed notices, which were also patterned after the Federal Judicial Center's sample notice for use in Rule 23 class actions, have failed. *See Fengler, et al. v. Crouse Health Foundation, Inc.*, *et al.,* 595 F.Supp. 2d 189, 199 (N.D. N.Y 2009)("[The court agrees with defendant] that there are certain difficulties associated with plaintiffs' proposed notice."); *Colozzi, et al., v. St. Joseph's Hosp. Health Ctr.*, *et al.,* 595 F.Supp. 2d 200, 210 (N.D. N.Y. 2009) (same); *Hamelin, et al. v. Faxton-St. Luke's Healthcare, et al.*, 2009 WL 211512 at *9 (N.D. N.Y. January 26, 2009) (same).

location" – presumably, The Mercy Hospital of Pittsburgh, a named defendant.  The Mercy

Defendants hereby incorporate by reference the facts in the Affidavit of Diana Siard, attached as

Exhibit B, in support of the following argument that the two named plaintiffs are not similarly

situated to all the individuals to whom they would have this Court facilitate notice.

The Mercy Hospital of Pittsburgh has not been an employer in the Pittsburgh Mercy

Health System since January 2008.  Siard Affidavit, Ex. B ¶ 9.  Mercy Life Center Corporation

("MLCC") is the largest employer in the Pittsburgh Mercy Health System.  *Id.* ¶ 2.  Pittsburgh

Mercy Health System, Inc. is a named defendant.  MLCC is not, but it and its various locations

are referenced in paragraphs 15 and 16 of the complaint, and are collectively referred to (with

other entities/locations) in paragraph 17 as "defendants" in this action.  *Id.* ¶ 3.  Plaintiffs allege

that all entities and locations in paragraph 17 (all "defendants") used the alleged "Meal Break

Deduction Policy" (Doc. 1 at ¶¶ 74-93).  Plaintiffs would thus have their proposed notice sent to

current and former employees of MLCC.

MLCC has approximately 1600 total employees, of whom about half are non- exempt

under the FLSA.  Siard Affidavit, Ex. B ¶ 4.  Since at least November 2000, non-exempt

employees of MLCC were not subject to a computerized time-keeping system or policy that

automatically deducted a meal or break period from their paychecks.  *Id.* ¶ 5.  Instead, they have

recorded their hours worked on hand-written time sheets, indicating start time ("work in"), stop

time ("work out") and unpaid meal breaks ("lunch out" and "lunch in").  They total their hours

worked each day and pay period, and are paid in accordance with the hours they record. *Id.* ¶ 6.

They are thus not subject to the alleged "Meal Break Deduction Policy" (Doc. 1 at ¶¶ 74-93),

whose application is the primary basis for the assertion by plaintiffs that others are similarly

situated.

These non-exempt employees of the largest employer in the Pittsburgh Mercy Health System also were not subject to what plaintiffs characterize as the "Unpaid Preliminary and Postliminary Work Policy" (Doc. 1 at ¶¶ 94-97), and the "Unpaid Training Policy" (*Id.* at ¶¶ 98-102). Siard Affidavit, Ex. A ¶¶ 7 and 8. Even when The Mercy Hospital of Pittsburgh and MLCC were both employers in the Pittsburgh Mercy Health System, their employees were on different payroll systems with different pay periods, different payroll policies and practices, different work weeks and different payroll databases. *Id.* ¶ 9. MLCC employees are therefore not similarly situated to the two named plaintiffs, who were employed by The Mercy Hospital of Pittsburgh.

Plaintiffs likely will argue that the Taylor, Camesi and Brunner affidavits satisfy the "modest factual showing" standard through their generalized assertions that an "automatic computer process" deducted "30 minutes from all hourly employees' pay checks after 5 hours in a shift worked, regardless of which unit or department the employee worked in." (Doc. 5 attachments 6-8, allegations identical in all three affidavits). Such statements as to any entity other than The Mercy Hospital of Pittsburgh are hearsay. Many courts have held that only admissible evidence may be considered in deciding a motion for conditional class certification under 29 U.S.C. § 216(b) of the FLSA. *Stanislaw*, 2009 WL 426641 at *2 (gathering cases); *see, e.g., Dreyer v. Altchem Environmental Services, Inc.,* 2007 U.S. Dist. LEXIS 71048 at *7 (D.N.J. 2007) ("courts will not consider affidavits that are not founded on personal knowledge"); *Ulysse v. Divosta Bldg. Corp.,* 2006 U.S. Dist. LEXIS 89414 at *4, 2006 WL 3618449 (S.D.Fla. 2006) (hearsay in plaintiff's affidavit disregarded); *Harrison v. McDonald's Corp.,* 411 F.Supp.2d 862, 865-866 (S.D.Ohio 2005) ("hearsay statements cannot be considered in connection with a Plaintiff's § 216(b) motion for the purpose of determining whether other employees are similarly

situated"); *Richards v. Computer Sciences Corp.,* 2004 U.S. Dist. LEXIS 19637 at *4, 2004 WL

3517039 (D.Ct. 2004) (hearsay statements in affidavit in support of motion pursuant to 29 U.S.C.

§ 216(b) will be stricken).

     Plaintiffs therefore have not satisfied the modest factual showing standard.  The Mercy

Defendants believe that as this case progresses, additional arguments against conditional

certification will surface, and they request sufficient opportunity to develop those arguments

after the pleadings are closed and after resolution of threshold issues, before any determination

on conditional certification.

     The Mercy Defendants request denial of plaintiffs' motions for expedited notice and an

expedited hearing.  An appropriate proposed order is attached.

Respectfully submitted,

/s/ Gregory A. Miller

Gregory A. Miller (PA 69807)
gregory.miller@bipc.com
Terrence H. Murphy (PA 36356)
terrence.murphy@bipc.com
Mark R. Hornak (PA 35187)
mark.hornak@bipc.com
Brian D. Balonick (PA 89272)
brian.balonick@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219-1410
Phone:  (412) 562-8800
Fax:     (412) 562-1041

Attorneys for Defendants

Dated:  April 24, 2009