IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YVONNE TAYLOR, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 09-377 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| PITTSBURGH MERCY HEALTH SYSTEM, INC., *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons that follow, Plaintiffs' Motion to Compel (**Doc. 71**) is **GRANTED** to the extent described below; Defendants' Renewed Motion for Clarification and for a Protective Order (**Doc. 75**) is **DENIED**; and counsel will be ordered to appear before the undersigned for a telephone conference.

The parties' Motions stem from Defendants' concern that Plaintiffs or their counsel will use information, which Defendants were ordered to produce by August 6, 2009, for purposes other than providing Court-approved notice to putative collective action members. *See generally* Defs.' Mot. at 1. Plaintiffs, citing potential infringements on their First Amendment rights, have declined to so stipulate, instead offering their counsel's generic assurances that "they [will] not use the list in any way that would violate the Court's Order or any ethical obligations." *See* Aff. of Pls.' Counsel (Doc. 73) at ¶ 12. As a consequence, Defendants have refused to produce accessible information regarding putative collective action members, pending resolution of their Motion. *See* Defs.' Mot. at ¶ 21 ("Defense counsel has sent an encrypted and password

protected disk . . . to [P]laintiffs' counsel on August 6, 2009, and [D]efense counsel will promptly provide required passwords upon the Court's order").

Precisely what Plaintiffs' counsel intend to do with the information remains unclear. The Court has entered a Protective Order restricting the use of telephone numbers to "the . . . running [of] reverse directory checks for putative members with outdated addresses, . . . not to make calls to prospective class members." *See* Order dated Jul. 7, 2009 (Doc. 63) at 10 n.7. Plaintiffs have not sought reconsideration of this ruling, and their counsel's current affidavit represents that they will not violate the July 7th Order. Furthermore, Defendants have agreed that Plaintiffs' counsel may use phone numbers "to return calls to putative [p]laintiffs," as opposed to initiating contact with them. Defs.' Mot. at ¶ 9.

As for written communications, the Court already has employed mechanisms allowing for the judicial approval of a neutral notice form, a process through which the parties will enjoy a full opportunity to be heard. *See* July 7th Order (setting deadline of August 21, 2009, for submission of "a stipulated notice form for judicial approval," or "[the] cross-fil[ing of] proposed notice forms, and memoranda of law not exceeding ten pages, in support of [the] competing proposals").

Although it remains unclear why Plaintiffs are disinclined to stipulate that Defendants' information will not be used outside the context of Court-supervised notification, it is clear that Defendants thus far have failed to demonstrate entitlement to a blanket protective order.

> [When] . . . contemplating prohibitions on communications
> between the parties and potential [collective action] members,
> [the Court must] weigh the need for a limitation on communication
> and the potential interference with the rights of the parties. . . .
> [T]he weighing process should result in a carefully drawn order
> that limits speech as little as possible, consistent with the rights of
> the parties under the circumstances. . . .

Colozzi v. St. Joseph's Hosp. Health Ctr., 2009 WL 2045315, *3 (N.D.N.Y. May 27, 2009) (citations and internal quotations omitted).

To justify the entry of a protective order, Defendants must show: (1) that a particular form of communication has occurred or is threatened to occur; and (2) that the particular form of communication is abusive and threatens the proper functioning of the litigation. Ojeda-Sanchez v. Bland Farms, 600 F. Supp.2d 1373, 1378 (S.D. Ga. Mar. 4, 2009) (citation omitted).[1] Although actual harm need not be proven, the Court must find "a likelihood of serious abuses." *Id.* (citation to quoted source omitted). This determination must be "based on a clear record and specific findings that reflect a weighing of the need for a limitation." *Id.* (citation to quoted source omitted, emphasis added).

A "clear record" has not been developed in this case, and Defendants' current protestations do not suffice. *See* Frye, 2008 WL 2117264 at *4 ("the mere possibility of abuse" is insufficient) (citation omitted); *see also, e.g.*, Colozzi at *3 (reversing magistrate judge's entry of "highly circumscribed" communications order, and remanding for "appropriate proceedings so that a carefully drawn order can be entered that limits speech as little as possible, consistent with the rights of the parties under the circumstances") (citation to quoted source omitted).

---

[1] "Abusive practices" include "communications that coerce prospective class members into excluding themselves from the litigation; communications that contain false, misleading or confusing statements; and communications that undermine cooperation with or confidence in class counsel." Ojeda-Sanchez, 600 F. Supp.2d at 1379 (citation to quoted source omitted). "Unsupervised, unilateral communications with the plaintiff class sabotage the goal of informed consent by urging exclusion [or inclusion] on the basis of a one-sided presentation of the facts, without opportunity for rebuttal." *Id.* (citation omitted); *see also* Frye v. Baptist Mem'l Hosp., Inc., 2008 WL 2117264, *4 (W.D. Tenn. May 20, 2008) (collecting cases holding, among other things, that abusive practices may include "overbroad and misleading flyers, radio announcements, and billboards," as well as *ex parte* communications with putative collective action members in violation of ethical rules against solicitation).

3

For these reasons, Defendants' request for a protective order is unsubstantiated. So too is their refusal to provide information, ordered for production by August 6, 2009, and they shall immediately provide Plaintiffs' counsel access to the same.[2]

Although Defendants must make their production, Plaintiffs are hereby ORDERED to refrain from utilizing Defendants' information for anything other than preparations to facilitate the issuance of Court-approved notice. As can be inferred from the discussions above, nothing in Plaintiffs' submissions regarding conditional certification and notice gave the Court reason to believe that Defendants' information would be used for any other purpose. Until the Court determines the true scope of the parties' disputes, justice requires that Plaintiffs refrain from other uses until this matter enjoys further consideration.

Finally, there is some indication that the above issues culminated from the time lag between Defendants' required production and the Court's final approval of an appropriate notice form. *Compare* discussion *supra* (noting parties' August 21st deadline for proposed notice submissions) *with* Defs.' Discovery Dispute Certif. at ¶ 8 ("[D]efendants sought only to resolve the issue so as to bridge the gap between the date [they were] to produce the information" and Court's issuance of order approving notice). If the parties' disputes arose from the modest time lapse between Defendants' production and the Court's approval of notice, this would be unfortunate.

---

[2] In allowing Plaintiffs immediate access, the Court notes that Defendants first raised their concerns on July 28, 2009, only nine days before their scheduled production. *See* Defs.' Discovery Dispute Certif. (Doc. 76) at ¶ 3; *see also* Defs.' 1st Mot. (Doc. 69) (placing issue before Court on August 5, 2009, only one day before deadline for production). Had Defendants acted sooner, a more judicious resolution may have been reached, particularly if the parties' disagreements centered around the relatively short temporal gap between Defendants' production and the Court's approval of notice. *See* discussion in text, *infra*.

Based on events in the related case of <u>Camesi v. University of Pittsburgh Medical Center</u>, Civil Action No. 09-85J (W.D. Pa.) (Bissoon, M.J., presiding), the Court here believed that a thirty-day window for the submission of proposed notice forms was unduly restrictive. *See* text Order in Civil Action No. 09-85J dated Jun. 16, 2009 (granting consented Motion to extend parties' thirty-day period for submitting proposed notice forms).  Given the subsequent developments in <u>Camesi</u> and <u>Kuznyetsov v. West Penn Allegh. Health Sys., Inc.</u>, Civil Action No. 09-379 (W.D. Pa.) (Ambrose, C.J., presiding), this Court has every reason to believe that the finalization of an appropriate notice form will be forthcoming.

To the extent that the parties are concerned about other issues, those matters must be addressed through deliberation, "based on a clear record and specific findings."  *See* discussion *supra*; *cf. also* <u>Colozzi</u>, 2009 WL 2045315 at *3 (suggesting that evidentiary hearing may be appropriate or required).

In light of the foregoing, a telephonic status conference is hereby scheduled for **August 18, 2009 at 2:00 p.m.**  Defendants shall initiate the conference.

At that time, the parties should be prepared to discuss the breadth of their remaining disagreement.  This will require Plaintiffs to identify their intended use of Defendants' information, including the format, scope and content of any anticipated contacts.  Defendants shall identify the bases, if any, upon which they believe that Plaintiffs intend to engage in inappropriate communications.  Finally, the parties shall be prepared to discuss the efforts they have made to reach agreement regarding the issues addressed in this Order.

Above all, transparency on the part of the parties is essential to the Court's fulfillment of its "duty . . . to exercise control over [this collective] action and to enter appropriate orders governing the conduct of counsel and [the] parties." *See* Colozzi at *3 (citation to quoted source omitted).

IT IS SO ORDERED.


August 12, 2009                                                       s/Cathy Bissoon
                                                                       Cathy Bissoon
                                                                       United States Magistrate Judge

cc (via email):

All Counsel of Record