IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YVONNE TAYLOR, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 09-377 |
| ) | |
| v. ) | Magistrate Judge Bissoon |
| ) | |
| PITTSBURGH MERCY HEALTH ) | |
| SYSTEM, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**I. MEMORANDUM**

Defendants' Motion to Dismiss (Doc. 47) will be granted in part and denied in part, and Defendants' Motion for a More Definite Statement (Doc. 49) will be denied.

**A.    Defendants' Motion to Dismiss**

This Motion addresses Count II (RICO) and Count III ("Estoppel") of the Complaint. Plaintiffs' claims, which are substantially similar to those in Kuznyetsov v. West Penn Allegh. Health Sys., Inc., Civil Action No. 09-379 (W.D. Pa. 2009) (Ambrose, C.J.), do not reach the Court in a vacuum. On July 20, 2009, Chief Judge Ambrose entered an Opinion and Order in Kuznyetsov addressing the plaintiffs' RICO and estoppel claims in that case. *See id.*, 2009 WL 2175585 (W.D. Pa. 2009). The undersigned sees no reason to disturb Judge Ambrose's well reasoned decision and, to the extent applicable, it will be followed here.

1. **RICO**

Defendants argue that: (1) Plaintiffs have failed to allege a distinct "person" and "enterprise," as required under RICO, *see* Defs.' Br. (Doc. 48) at 3-4; (2) Plaintiffs have failed to plead "predicate acts" with sufficient specificity under Federal Rule 9(b), *see id.* at 4-6; Plaintiffs' RICO claims are preempted by the FLSA, *see id.* at 6-7; and Defendants' "predicate acts" are too remote from the alleged fraudulent scheme. *See id.* at 6.

Judge Ambrose rejected Defendants' first three arguments in Kuznyetsov, based on factual averments materially similar to the ones presented here. *See id.*, 2009 WL 2175585 at *5-6 (rejecting defendants' "enterprise" argument); *id.* at *6 (finding plaintiffs' allegations of racketeering activity, including requisite averment of "two predicate acts," sufficient under Rule 9(b)); *and id.* at *3 (rejecting preemption argument). Defendants' theories were rejected, expressly or by necessary implication, in Kuznyetsov, and the undersigned adopts Judge Ambrose's rulings.

Defendants' final argument, that the purported predicate acts are too remote from the alleged fraudulent scheme, relies on the Court of Appeals for the Third Circuit's decision in United States v. Tarnopol, 561 F.2d 466, 471-72 (3d Cir. 1977). *See* Defs.' Br. at 6 (citing same). For the reasons stated by Plaintiffs, the Court agrees that Tarnapol is distinguishable. *See* Pls.' Opp'n Br. (Doc. 57) at 10 (Tarnapol involved mailing of packing slips, which were incidental to alleged fraudulent scheme).

Defendants' Motion to Dismiss Plaintiffs' RICO claims, therefore, is DENIED.

2. **"Estoppel"**

As Judge Ambrose aptly observed, estoppel in these cases "serves as a shield[,] not a sword." *See* Kuznyetsov, 2009 WL 2175585 at *8. Plaintiffs' estoppel theory is a

response to Defendants' statute of limitations defense, and it cannot properly be construed as a ground for affirmative relief.

Defendants' Motion to Dismiss regarding estoppel, therefore, is GRANTED.

### B. Defendants' Motion for a More Definite Statement

Defendants argue that Plaintiffs have failed to allege with sufficient specificity their allegations under the FLSA based on employees' unpaid pre- and postliminary work and training. *See* Defs.' Br. (Doc. 50) at 1-5. Among other things, Plaintiffs have alleged that: Defendants "suffered or permitted Plaintiffs . . . to perform work before and/or after the end of their scheduled shift"; Plaintiffs were not paid for such time "as a result of [D]efendants' policies, practices and/or time recording system"; and, had Plaintiffs' hours been properly calculated, their shifts often would have resulted in premium pay rates. *See* Compl. (Doc. 1) at ¶¶ 94-97. Similar allegations are made regarding Plaintiffs' attendance at "compensable" training programs. *See id.* at ¶¶ 98-101.

The recent decisions in *Twombly* and *Iqbal* notwithstanding, the notice pleading standard still applies in federal court. All Plaintiffs must do is allege sufficient "factual content [to] allow the [C]ourt to draw the reasonable inference that . . . [D]efendant[s are] liable for the misconduct alleged." *See* Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937, 1949 (2009) (citation omitted). Plaintiffs have done so here,[1] and Defendants' Motion for a More Definite Statement is DENIED.

---

[1] Although Defendants assert that the details regarding Plaintiffs' alleged pre- and postliminary work and/or training may excuse FLSA liability, *see* Defs.' Br. at 3, these arguments are better suited for resolution at a later stage in the proceedings.

## II. ORDER

Defendants' Motion to Dismiss (**Doc. 47**) is **GRANTED** in part and **DENIED** in part, as described above; and Defendants' Motion for a More Definite Statement (**Doc. 49**) is **DENIED**.

    IT IS SO ORDERED.


September 17, 2009                                       s/Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States Magistrate Judge

cc (via email):

All Counsel of Record