IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YVONNE TAYLOR, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 09-377 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| PITTSBURGH MERCY HEALTH SYSTEM, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

At a telephonic Status Conference held on October 19, 2009, the Court heard argument regarding Plaintiffs' request that Defendants' communications with putative collective action members be restricted consistent with the limitations placed on Plaintiffs' counsel. *See generally* Hearing Mem. (Doc. 121).[1]

---

[1] While maintaining a respectful tone, Plaintiffs' counsel have expressed dissatisfaction with the limitations placed on their communications with putative collective action members. *See, e.g.*, Pls.' Br. (Doc. 102) at 4 ("Plaintiffs continue to believe that this Court's restrictions on [P]laintiffs' counsel's ability to communicate with putative plaintiffs are at odds with well established precedent"). To the extent that Plaintiffs' grievances relate to oral communications, they are not well founded. *See* Order dated Aug. 21, 2009 (Doc. 78) at 2 (noting that Plaintiffs' objections did not appear related to oral, telephonic communications because "[t]he Court [already] ha[d] entered a Protective Order restricting the use of telephone numbers to the . . . running [of] reverse directory checks," "not [for] mak[ing unsolicited] calls to prospective class members"; "Plaintiffs ha[d] not sought reconsideration of this ruling"; and Defendants agreed that Plaintiffs' counsel may use phone numbers "to return calls [from] putative [p]laintiffs") (citations and internal quotations omitted). As for written communications, Plaintiffs' right to transmit mailings after the issuance of Court-approved notice is not as clear as their counsel suggests. *See, e.g.*, Jackson v. Papa John's USA, Inc., 2009 WL 650181, *2 (N.D. Oh. Mar. 10, 2009) (once "[the c]ourt has approved of a communication to potential opt-in class members," "[o]ther communications from the [the parties] during the pendency of the notice period may cause confusion or undermine the authority of the Court-approved communication"); Ruggles v. WellPoint, Inc., 591 F. Supp.2d 150, 164 (N.D.N.Y. Nov. 6, 2008) ("to bring order and efficiency to the notice process, the court-controlled mechanism should trump any attorney

Prior to and during the Conference, Defendants stipulated to certain restrictions on their communications with putative collective action members, but Plaintiffs remained unsatisfied. The parties, therefore, were instructed to submit proposed orders, and counsel were advised that the Court would adopt the proposal it found most appropriate.

Having carefully considered the parties' arguments offered at the Conference and in their subsequent briefing, the Court agrees with Defendants that there are legitimate reasons for rejecting Plaintiffs' request for "congruence." Specifically, Defendants' need to communicate with their employees through the course of ordinary business renders Plaintiffs' proposed restrictions untenable. Defense counsel has stated valid concerns regarding their ability to prevent arguable charges of inadvertent violation, as well as significant line-drawing difficulties attendant thereto.

For these reasons, and given Plaintiffs' failure to demonstrate that abusive communications have occurred or are threatened to occur, the Court will adopt the restrictions proposed by Defendants at the October 19th Conference, as modified below:

    A.    Defense counsel has not, and will not, initiate or direct communications to the putative collective action members during the opt-in period;

    B.    Defense counsel will comply with all Court Orders and applicable ethical rules;

    C.    Defense counsel is aware of no press releases, press conferences, websites, mass mailings or similar types of mass communication efforts to the putative collective action members by the individual or corporate Defendants, or on behalf of any of them, with the intended purpose of dissuading putative collective action members

---

driven notice and resolve any post-conditional certification notice in favor of the Court's controlled process"; "[f]ailure to limit notification to a single process would be dissonant with the intent of the FLSA statute that the Court play a significant role in prescribing the terms and conditions of communications from the named plaintiffs to the potential members . . . on whose behalf the collective action was commenced").

       from joining the lawsuit, or that contain statements that undermine or contradict the Court-approved notice in this case; and

D.      Should Defense counsel become aware of any communications by individual or corporate Defendants that are intended to dissuade putative collective action members from joining the lawsuit, either as described in paragraph C or otherwise, they immediately shall notify Plaintiffs' counsel and the Court, and take all appropriate remedial measures within their authority and control.

Subject to the preceding conditions, Plaintiffs' Motion for Congruent Restrictions on Defendants' Communications (**Doc. 125**) is **DENIED**.

IT IS SO ORDERED.

October 29, 2009                                    s/Cathy Bissoon
                                                           Cathy Bissoon
                                                           United States Magistrate Judge

cc (via email):

All Counsel of Record