**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| YVONNE TAYLOR, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 09-377 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| PITTSBURGH MERCY HEALTH | ) | |
| SYSTEM, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

For the reasons that follow, Defendants' Motion for Sanctions (Doc. 129) will be denied.

This ruling comes on the heels of an Order entered in <u>Camesi v. University of Pittsburgh</u> <u>Medical Center</u>, Civil Action No. 09-85J (W.D. Pa.) (Bissoon, M.J., presiding).  In <u>Camesi</u>, the Court addressed the plaintiffs' mailing of a letter dated September 1, 2009, to "an untold number of putative collective action members in [that] case."  *See* Doc. 318 in 09-85J at 1. The Court held that, although "the numerous disputes resulting from Plaintiffs' mailings serve[d] . . . to emphasize the need for Court supervision over the FLSA notice process," the undersigned was "constrained to conclude that sanctions [we]re not warranted."  *Id.* at 7-8; *see also id.* at 7 (finding sanctions unsupportable given "the relative uncertainty in the law, as well as the absence of an order requiring judicial supervision over Plaintiffs' mailings before they were sent").

Defendants argue that the September 1st letter in <u>Camesi</u> violated an Order in this case, dated August 25th (Doc. 90), requiring the Court's pre-mailing supervision of written communications with the putative collective action members herein.  *See generally* Defs.' Br. (Doc. 130) at 1.  Plaintiffs assert, and Defendants do not dispute, that the mailings in <u>Camesi</u>

were restricted to employees identified by the defendants in that case.  *See* Pls.' Opp'n Br.
(Doc. 143) at 3-4 (citing record evidence).  Defendants argue, however, that the substantial
overlap between putative collective action members in the two cases, well known to Plaintiffs,
placed the <u>Camesi</u> mailings in violation of this Court's August 25th Order.  *See* Defs.' Br. at 1-2.

       Before reaching the merits of Defendants' Motion, some context is appropriate.  In an
Order dated July 7, 2009, the Court explained how the Mercy Hospital of Pittsburgh ("Mercy
Hospital") came to be a Defendant in both <u>Camesi</u> and in this case:

> In [<u>Camesi</u>], Mercy Hospital is identified as one of many entities
> operating within the UPMC health system. . . .  [The p]laintiffs
> have pursued a collective action against [the d]efendants, alleging
> that UPMC instituted uniform policies in violation of the FLSA.
>
> In [<u>Taylor</u>, *i.e.*, this case], Mercy Hospital is identified as part of
> the Pittsburgh Mercy Health System . . . .  Although the purported
> FLSA violations in <u>Taylor</u> are similar to the ones alleged
> [in <u>Camesi</u>], <u>Taylor</u> addresses a different health system,
> with different defendants, save a single overlapping entity,
> Mercy Hospital. . . .
>
> The reason Mercy Hospital has been named in both lawsuits is
> clear:  in [March] 2008, the Hospital switched from preexisting
> Mercy compensation policies to the compensation policies of
> UPMC. . . .

Doc. 63 in 09-377 at 7-8 (citation to quoted source omitted).

       The Court concluded that, in <u>Taylor</u>, only those workers at Mercy Hospital who
commenced employment before March 1, 2008 were eligible for membership in the putative
collective action.  *See id.* at 8.  On the other hand, those workers who were employed at
Mercy Hospital on March 1, 2008, and thereafter, were eligible for membership in <u>Camesi</u>.
*Cf. id.*  Consistent with these rulings, the Court observed:

> It seems possible, if not highly likely, that certain workers were
> employed at Mercy Hospital both before UPMC's compensation
> policies went into effect and after.  Under the circumstances, those
> employees will, and should, receive notice in both cases.  As these
> related cases proceed, the Court and parties . . . will be better
> suited to address the aforementioned scenario, although the
> undersigned . . . sees no reason why such employees should be
> excluded from either action.

*Id.*

Defendants' Motion for Sanctions also is informed by the circumstances leading to the Court's August 25th Order in this case, requiring pre-mailing, judicial supervision of Plaintiffs' written communications.  Defendants first raised the issue on August 8th, in their Motion for a protective order regarding "the employee information to be provided to [P]laintiffs" by Defendants through the Court's grant of conditional certification.  *See* Defs.' Mot. (Doc. 69) at 1; *see also* Defs.' proposed order attached thereto ("[o]n July 7, 2009, the Court ordered Defendants to produce [employee] information," and Defendants' proposed ruling, if adopted, would clarify that "the Court ordered the production of said information for the sole purpose" of notice).  All of Defendants' subsequent filings likewise restricted their discussion to Plaintiffs' proposed use of Defendants' employee information, not the information produced in Camesi. *See, e.g.*, Defs.' Doc. 75 at 1 ("this Motion for Clarification . . . [seeks] to limit Plaintiffs' use of the information Defendants have been ordered to produce"); Defs.' Doc. 87-2 at ¶ 1 (same); Defs.' Doc. 88 at 4, ¶ A(1) (same).

It was within these contexts that the Court entered the August 25th Order establishing procedures for judicial supervision of Plaintiffs' written communications.  *See* discussions *supra*; *see also* Aug. 25th Order at 2 (framing ruling within context of "Defendants' employee

information") (emphasis added).  At the time of the Order's entry, neither the parties nor the Court contemplated its application to employee information produced in <u>Camesi</u>.

To be sure, Defendants and Plaintiffs were aware of the potential overlap between collective action members in <u>Taylor</u> and <u>Camesi</u>.  Neither side sought clarification of the August 25th Order, however, nor did the defendants in <u>Camesi</u> seek similar protections in that case.

In this Court's view, Defendants' Motion for Sanctions rises or falls with the request for sanctions in <u>Camesi</u>.  The undersigned already has concluded that sanctions were unwarranted in that case, and, for all of the reasons stated in the Order dated November 4, 2009 (Doc. 318 in 09-85J), which are incorporated by reference into the instant ruling, Defendants' Motion for Sanctions will be denied.

The above conclusions address, either expressly or by implication, nearly all of Defendants' arguments for sanctions.  Otherwise, the Court rejects Defense counsel's assertion that the "information sheet" enclosed with the September 1st letter created greater potential for confusion because Mercy Hospital more recently has been known as "UPMC Mercy." *See* Defs.' Br. at 5; *see also id.* (given new name "UPMC Mercy," "the subject line of the additional mailing[,] 'UPMC Lawsuit[,]' and other various references to 'UPMC' would not be understood by recipients to exclude the case at bar").  As suggested above, some potential for confusion regarding the interrelationship between <u>Taylor</u> and <u>Camesi</u> is inherent given the circumstances presented, namely, Mercy Hospital's transition from the Mercy system to the UPMC system.  The putative plaintiffs' membership in either, or both, of the collective actions can be further addressed by the parties as these cases proceed.

4

Finally, Defendants' allegations regarding Plaintiffs' "obfuscat[ion]" in connection with the September 1st mailings are unavailing. *See* Defs.' Br. at 6-8. Plaintiffs' counsel undoubtedly have a different perspective, and, even accepting Defendants' characterization of events, Plaintiffs at most may be accused of coyness. Although Plaintiffs' approach appears consistent with the positions and conduct disfavored in Camesi, their counsel seem well aware of the boundaries and how to stop short of them.[1]

For all of the reasons stated above, Defendants' Motion for Sanctions (**Doc. 129**) is **DENIED**.

IT IS SO ORDERED.


November 10, 2009                                    s/Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States Magistrate Judge


cc (via email):

All Counsel of Record

---

[1] At a recent Case Management Conference, Plaintiffs' counsel expressed surprise and regret regarding the undersigned's perception that they "appeared determined to 'push the envelope' in connection with their post-Notice communications." *Cf.* Nov. 4th Order in 09-85J at 7. As the undersigned has made clear, the rulings in Camesi and in this case reflect disagreement between Plaintiffs' counsel and the Court regarding the matters in question. The Court does not reference the November 4th Order for the sake of "piling on," but rather to explain the bases for its conclusions in this case.