# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YVONNE TAYLOR, *et al.*, | ) |
| Plaintiffs, | ) Civil Action No. 09-377 |
| v. | ) Magistrate Judge Bissoon |
| PITTSBURGH MERCY HEALTH SYSTEM, INC., *et al.*, | ) |
| Defendants. | ) |

## ORDER

For the reasons that follow, Defendants' Motion for Summary Judgment (**Doc. 173**) regarding certain opt-in Plaintiffs ("opt-ins") is **GRANTED IN PART** and **DENIED IN PART**, as described below.[1]

Defendants request the entry of summary judgment against 108 opt-ins who were not employed at Mercy Hospital during the collective action period; and dismissal of another twelve opt-ins who have failed to participate in discovery. *See* Defs.' Br. (Doc. 176) *and* Defs.' Reply Br. (Doc. 200). Since Defendants file their Motion, District Judge Donetta W. Ambrose issued a decision in Kuznyetsov v. West Penn Allegh. Health Sys., Inc., addressing materially similar circumstances and issues. *See id.*, 2010 WL 3885158 (W.D. Pa. Sept. 28, 2010). To the extent applicable, the undersigned will follow Judge Ambrose's well-reasoned decision.[2]

---

[1] Defendants' request for summary judgment is restricted to the FLSA claims stated in Count I of the Complaint. *See* Defs.' Mot. at 1 *and* at ¶ 7. The Court's ruling likewise is so limited.
[2] Although the plaintiffs in Kuznyetsov have filed a motion for reconsideration, their challenge is not implicated by the facts presented in this case. *See* Doc. 330 in Kuznyetsov (arguing that summary judgment should not have been granted regarding 27 opt-ins employed by defendants' affiliates, given Judge Ambrose's prior ruling that employees of affiliated entities may participate in collective action).

In Kuznyetsov, the defendants sought summary judgment regarding opt-ins who allegedly had not worked for the hospital system during the collective action period. Judge Ambrose held that individuals who executed affidavits addressing the wheres and whens of their employment had identified issues of material fact, while those who did not execute affidavits had not. *See generally id.*, 2010 WL 3885158 at *2-5. The rationale underlying Judge Ambrose's decision is well summarized in her ruling on the plaintiffs' request for additional discovery under Federal Rule 56(f):

> [T]o the extent any [opt-in] has responded by affirmation[,] . . . summary judgment is not warranted and additional discovery may be necessary. Plaintiffs' request with regard to the other [opt-ins, however,] . . . is rejected. No additional discovery is necessary to oppose [the defendants' m]otion. Rather, the information needed to oppose the [m]otion can come from simple affirmations of [the opt-ins] themselves, just as the ones provided by some of the [other opt-ins]. Consequently, [the plaintiffs'] request [for additional discovery is] denied in all respects, other than in those cases where [the opt-in] has responded by affirmation that he/she was employed [by the defendants] during a particular time . . . .

*Id.* at *2.

This reasoning is consistent with the standards applicable on summary judgment. Although the initial burden is on the movant to show the absence of a genuine issue of material fact, that burden "may be discharged by showing -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." UPMC Health Sys. v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004) (citation to quoted sources omitted). Once the moving party has met its initial burden, "the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial." Lexington Ins. Co. v. Western Penn. Hosp., 423 F.3d 318, 322 n.2 (3d Cir. 2005) (citation omitted). Summary judgment cannot be avoided by speculation, nor may the nonmoving party

rest on mere argument or the allegations in her complaint. *See* Walsh v. Krantz, 2010 WL 2724460, *3 (3d Cir. Jul. 12, 2010) (citation to binding authority omitted).

As in Kuznyetsov, Defendants have met their initial burden of showing the absence of evidence in support of Plaintiffs' FLSA claims. Specifically, Defendants have submitted affidavits from Mercy's information services department, and technical consultants, demonstrating that numerous opt-ins were not employed at Mercy Hospital during the relevant time frame. *See* Exs. B-D to Doc. 175. Plaintiffs have introduced affidavits from some of those opt-ins identifying issues of material fact. To the extent that affidavits have not been filed on behalf of the other opt-ins, however, the undersigned joins Judge Ambrose in concluding that Plaintiffs have failed to defeat Defendants' entitlement to summary judgment.

Of the 108 opt-ins regarding which Defendants seek summary judgment, 44 have filed affidavits indicating that they worked in the Mercy Health System either before or after the collective action period. *See generally* Defs.' Reply Br. at 2 (identifying affiant opt-ins).[3] For those affiants who worked in the Mercy Health System before the collective action period commenced, they have included statements sufficient to implicate the equitable tolling and/or estoppel theories advanced by Plaintiffs. *See generally* Kuznyetsov, 2010 WL 3885158 at *4 (discussing same, and holding that affidavits were sufficient to identify issues of material fact). Accordingly, the following opt-ins are not subject to the entry of summary judgment:

---

[3] Although Defendants seek summary judgment regarding opt-ins who did not work at Mercy Hospital, specifically, Plaintiffs correctly observe that the Court has reserved judgment on whether the employees at other work locations may participate in the collective action. *See* Order dated Jul. 7, 2009 (Doc. 63) at 5 & n.4 (restricting notice to employees at Mercy Hospital, but noting that "discovery could reveal" other work sites utilizing meal break policy, and "offering no opinion" regarding potential consequences of such evidence).

| | | | |
|---|---|---|---|
| Behary | Huber | Maimone | Rutledge |
| Biddle | Hughes, Shirley | Mains-Coll | Schutter |
| Boardman | Karbowski | Maloberti | Semenko |
| Burns | Kelly | Marnik | Slepski |
| Campbell, Joyce | Kendrew | Mautz | Slifkey |
| Capets | Kish | McLaughlin | Smeltzer |
| Dimond-Zellers | Lemanski | Miller | Steele |
| Gregg | Leonard | Myers | Sucevic |
| Hale | Lester | Peitzman | Ungerman |
| Harvey, Rosemarie | Livingston | Pilkington | Welsh |
| Holfelder | Mack | Ripepi | Winsor |

Summary judgment will be granted regarding the 64 opt-ins who have not filed affidavits:

| | | | |
|---|---|---|---|
| Armenini | Fekete | Layhew | Roolf |
| Bakor | Franks | Lebak | Ross |
| Bartoli | Gardner | Magdic | Rozier |
| Baselj | Goldstrom | Maloy | Seiling |
| Bissontz | Gratton | Martinac | Sherer |
| Bizon | Hartz | McCalla | Shipton |
| Braswell | Harvey, Nancy | Montileone | Simon |
| Brink | James | Morado | Smith |
| Brown | Jefferson | Morris | Soergel |
| Bush | Kaib | Mosley | Spencer |
| Campbell, Dean | Karolewski | Neuner | Sperling |
| Carney | Kasey | Nickles | Tierney |
| Carson | Kennedy | Opyrchal | Trecathan |
| Chestnut | Klein | Prince | Turner, Robert |
| Davis | Kremen | Reid | Turner, Taneika |
| Dilley | Largent | Riley | Wilburn |

To the extent that Plaintiffs' arguments in opposition to summary judgment address non-affiant opt-ins, nearly all of them fail for the reasons stated, directly or by implication, in Kuznyetsov. Two of Plaintiffs' arguments, however, warrant further comment.

First, Plaintiffs assert that Defendants' affidavits contain impermissible hearsay, because the affidavits purportedly "claim . . . that [D]efendants' records say that the [relevant opt-ins] were not employed by [D]efendants." See Pls.' Opp'n Br. (Doc. 181) at 6. To the contrary,

Defendants' affidavits indicate that UPMC's historical computer data have no record of certain opt-ins and that, if those opt-ins had been employed by Defendants, their employment would have been reflected in the data. *See* Exs. B-D to Doc. 175. Plaintiffs have not established that Defendants' affidavits contain hearsay, and, even if they did, Plaintiffs have failed to demonstrate the inapplicability of the business records exception in Federal Rules of Evidence 803(6) and 803(7). *See* U.S. v. Washington, 498 F.3d 225, 231 (4th Cir. 2007) (for purposes of hearsay, "raw data generated by . . . machines do not constitute 'statements,' and the machines are not 'declarants'"), *cert. denied*, -- U.S. --, 129 S. Ct. 2856 (2009); *see also* Fed. Rs. Evid. 803(6)-(7) (establishing hearsay exceptions for business records, and absence of entries in business records).[4]

Second, Plaintiffs object that Defendants have failed to submit with their affidavits the data supporting their affiants' conclusions. *See* Pls.' Opp'n Br. at 6. The undersigned has difficulty imagining how Defendants practicably could have done so, and, in any event, the Court already has determined that Defendants have satisfied their initial burden on summary judgment. *See* discussion *supra*; *see also* Kuznyetsov, 2010 WL 3885158 at *2 (to survive summary judgment, Plaintiffs needed only provide "simple affirmations of [the opt-ins] themselves, just as the ones provided by [the opt-ins who completed them]").

For all of these reasons, summary judgment is denied regarding the 44 opt-ins who submitted affidavits, and it is granted regarding the 64 opt-ins who failed to submit affidavits.

---

[4] The only Federal Rule of Evidence discussed by Plaintiffs, Rule 902(11), is inapposite. *Compare* Pls.' Opp'n Br. at 6 & n.3 (discussing "certification" requirements in Rule 902) *with* Fed. R. Evid. 902 (governing "[s]elf-authenticat[ing]" documents).

Finally, Defendants seek dismissal with prejudice of 12 opt-ins who have failed to respond to the parties' discovery questionnaire. *See* Defs.' Br. at 6-10; Defs.' Reply Br. at 1. The parties agree that, should these opt-ins be given Court-ordered notice, their continued failure to respond properly may result in their dismissal with prejudice. *Compare* Defs.' Br. at 10 *with* Pls.' Opp'n Br. at 19-20.

Thus, the Court hereby ORDERS that the following opt-ins will be dismissed with prejudice if they do not complete the discovery questionnaire and return it to Plaintiffs' counsel within fifteen (15) calendar days of this Order:

| | | |
|---|---|---|
| Artim, Sheila M. | Knaus, Sharon Ann | Obusek, Lenadee Ann |
| Chambers, Lisa Marie | Knipp, (Zlemblcki) Leann | Suncine, Vanessa Marie |
| Covert, Verna May | Medvetz, Dina | Thomas, Virginia Dale |
| Hughes, Noreen | Mort, Michele | Thompson, Patricia L. |

Plaintiffs' counsel are directed to make all reasonable and diligent efforts to provide to the above-listed individuals prompt notice of the Court's ruling herein. Plaintiffs' counsel also shall timely forward copies of any completed questionnaires to Defense counsel as they are received. Should any of the listed individuals fail to complete and return the questionnaire within fifteen days, the Court will entertain a renewed motion for dismissal by Defendants.

IT IS SO ORDERED.

October 15, 2010           s/Cathy Bissoon
         Cathy Bissoon
         United States Magistrate Judge

cc (via ECF email notification):

All Counsel of Record