# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YVONNE TAYLOR, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 09-377 |
| ) | |
| v. ) | Magistrate Judge Bissoon |
| ) | |
| PITTSBURGH MERCY HEALTH ) | |
| SYSTEM, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Consistent with the discussions at last week's Telephonic Discovery Conference, the Court ORDERS as follows regarding the issues identified in Plaintiffs' counsel's letter dated February 28, 2011 (a copy of which is attached as an Appendix to this Order):

Section I (letter pgs. 1-4):  Although discovery currently is limited to Mercy Hospital, Defendants' Rule 30(b)(6) deposition(s) shall cover information within the possession of the other Defendants to the extent that such information addresses system-wide policies, practices, *et cetera*, relevant to the issue of class certification.

Section II (pgs. 4-7):  Defendants shall produce a Rule 30(b)(6) deponent or deponents regarding the four computer hardware/server items identified in Defense counsel's email dated November 24, 2010.

Section III(1) (pgs. 8-9) (records of employee compensation):  If Defendants have additional documents regarding the collective action members' days of work-week, they will produce them.  Otherwise, Defendants have no further duty of production.

Section III(2) (pg. 9) (corporate structure): Given Defense counsel's representation that Defendants will not rely on this matter for the purposes of seeking decertification, no production is required.

Section III(3) (pgs. 9-10) (information regarding policies and practices): To the extent that final iterations of written policies regarding Mercy Hospital are available, Defendants have represented that they have produced them. Defense counsel are required to produce the written policies of other Defendants only to the extent that they address system-wide issues relevant to certification, and, as appropriate and necessary, Plaintiffs' counsel shall identify the Bates stamp numbers of any previously produced policy in question.

Section III(4) (pg. 10) (training and instruction of employees): Plaintiffs' request goes beyond the scope of limited discovery, and Defendants owe no duty of production.

Section III(5) (pg. 10) (labor costs and budgets): Plaintiffs' request goes beyond the scope of limited discovery, and Defendants owe no duty of production.

Section III(6) (pgs. 10-11) (documents/communications regarding subject matter of this lawsuit): Defense counsel will provide Plaintiffs' counsel a privilege log by the end of the day on March 7, 2011. The privilege log and any challenges thereto aside, Plaintiffs' discovery request is overbroad and Defendants' objection is sustained.

Section III(7) (pg. 11) ("timekeeping systems"): Defendants have produced sufficient materials for the purposes of limited discovery, and no further production is required.

Section III(8) (pg. 11) (personnel files):  Defendants have produced all available personnel files for the opt-ins.  Defense counsel shall produce job descriptions for Defendants Kenneth Eshak and Kristen Bell for the relevant time period, and this will satisfy their current duty of production.

Section III(1) (pg. 12) (supervisors, co-workers, *et cetera*):  Aside from what Defendants already have produced, Plaintiffs' discovery request goes beyond the scope of limited discovery, and no further response/production is required.

Section III(2) (pg. 12) (efforts to ensure that employees do not work during unpaid meal breaks):  No further response/production is owing.

Section III(3) (pgs. 12-13) (identification of meal breaks):  Defendants owe no further response/production.

Section III(4) (pg. 13) (employee complaints):  The Court concludes that Plaintiffs' interrogatory must be limited to complaints regarding meal breaks, and, as such, Defendants have satisfied their discovery obligations.

Section III(5) (pgs. 13-14) ("information regarding policies"):  Defendants have produced/identified all available information regarding meal break policies, and no further responses/productions are required.

Section III(6) (pg. 14) (interviews/communications regarding subject matter of this lawsuit):  Defense counsel will provide Plaintiffs' counsel a privilege log by the end of the day on March 7, 2011.  The privilege log and any challenges thereto aside, Plaintiffs' discovery request is overbroad and Defendants' objection is sustained.

<u>Section III(7) (pg. 14)</u> (instances where Defendants' meal break policies and/or practices were not followed):  Defense counsel have provided all available information regarding instances of noncompliance that resulted from the acts or omissions of Defendants.  To the extent that noncompliance was a result of the acts or omissions of any hourly employee in question, Defendants' objections are sustained.


IT IS SO ORDERED.


March 7, 2011                                                          s\Cathy Bissoon
                                                              Cathy Bissoon
                                                              United States Magistrate Judge

cc (via ECF email notification):

All Counsel of Record