# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YVONNE TAYLOR, *et al.*, | ) |
| Plaintiffs, | ) Civil Action No. 09-377 |
| v. | ) Judge Cathy Bissoon |
| PITTSBURGH MERCY HEALTH SYSTEM, INC., *et al.*, | ) |
| Defendants. | ) |

## ORDER

Defendants' Motion (Doc. 255) to decertify this FLSA collective action will be granted, and Plaintiffs' Motion (Doc. 258) to finally certify the collective action will be denied.

The parties' Motions present issues and arguments materially analogous to the ones presented in Kuznyetsov v. West Penn Allegheny Health Sys., Inc., Civil Action No. 10-948 (Ambrose, J.) and Camesi v. University of Pittsburgh Medical Center, Civil Action No. 09-85J (Bissoon, J.). In those cases, District Judge Ambrose and the undersigned held, in independent, contemporaneously-filed decisions, that the plaintiff-hospital employees' FLSA collective actions based on automatic meal break deductions should be decertified. Although the legal analyses in Kuznyetsov and Camesi differ slightly in some respects, the decisions are internally consistent, and they warrant a grant of Defendants' Motion for Decertification here.

Given this Court's rejection, both explicit and implicit, of Plaintiffs' arguments for final certification in Kuznyetsov and Camesi, the undersigned does not believe that a detailed recitation of the prior decisions' analyses will benefit the parties. In summary:

- Under the first prong of the Stage II certification analysis, Defendants' purported "common policy" of automatically deducting meal breaks cannot overcome differences in the opt-ins' employment settings because Plaintiffs have neither alleged nor proven that Defendants had a "policy to violate a policy";

- Plaintiffs' counsel have failed to identify opt-in member(s) who were dissuaded from cancelling, or instructed not to cancel, deductions for meal breaks, nor are there any allegations that employees who cancelled meal breaks suffered retaliation;

- Even were the Court not to adopt the "policy to violate a policy" standard, there are far too many individualized inquiries to proceed under the collective action vehicle;

- Opt-ins potentially eligible for relief under the collective action definition worked in 60 different departments, ranging from medical units, psychiatric units, critical care units, emergency room(s), operating room(s), child care, patient registration, housekeeping, accounting, security, sleep lab(s), dispatch, food service, laundry and linen, *see* Defs.' Br. (Doc. 257) at 2, 13-14 (citing record evidence);

- The implementation and/or enforcement of the meal break policy varied from department to department, with some departments always using it, some never using it, and others using it for some but not all employees or shifts, *see id.* at 2, 12-14;

- The ways in which employees reported time worked during meal breaks varied from department to department, *compare id.* at 22 *with* Pls.' Br. (Doc. 259) at 7 (acknowledging same);

- Questions remain as to whether, and how often, opt-in members worked more than 40 hours per week, even counting meal breaks as time worked, and therefore were eligible for FLSA relief, *see* Defs.' Br. (Doc. 257) at 14, 17, *see also id.* at 19 (named-Plaintiff Karen Camesi never worked 40-hour workweek for Defendants);

- Factor (2) of the second stage analysis, regarding the individuality of defenses, strongly favors decertification;

- Individualized defenses include whether an opt-in worked for Defendants during the relevant time frame in a non-exempt capacity, whether Defendants had actual or constructive knowledge of any work performed during meal breaks, whether and how much opt-ins actually worked overtime without compensation, and whether or not a particular meal break was a "bona fide meal break";

- Factor (3) favors decertification for the same reasons as stated in Camesi, and Plaintiffs have offered no meaningful explanation of how individualized inquiries could be handled through representative testimony, bifurcation or subclassification;[1] and

- Plaintiffs' substantial reliance on Judge Ambrose's decision in Andrako v. U.S. Steel Corp., 788 F. Supp.2d 372, 378 (W.D. Pa. Mar. 9, 2011) is misplaced, and that case is distinguishable for the reasons explained in Kuznyetsov and Camesi.

While the above findings and conclusions are not exhaustive, they provide representative examples of the overlap between the facts and arguments presented here and in Kuznyetsov and Camesi. The undersigned does not believe that the instant case can survive the detailed analyses in those prior decisions.

Accordingly, Plaintiffs' Motion (**Doc. 258**) for final certification is **DENIED**, and Defendants' Motion (**Doc. 255**) to decertify is **GRANTED**. Nothing in the parties' related Motions modifies the Court's conclusions, and those Motions (**Docs. 253, 263 & 266**) are **DENIED AS MOOT**. Finally, a Telephonic Status Conference will be held on **June 1, 2012 at 2:30 p.m.** to discuss how this case will proceed. All participants shall contact the undersigned's Chambers on a single telephone line, and Plaintiffs' counsel shall coordinate the call.[2]

---

[1] As in Camesi, the Court rejects Plaintiffs' suggestion that, to the extent certain opt-ins' recoveries may be limited or precluded, those opt-ins or claims should be disregarded for the purposes of the decertification analysis. *Compare* Pls.' Br. (Doc. 271) at 25-30 (arguing that opt-ins should be excluded from collective action, in whole or in part, where they were not employed by Defendants, where they worked less than 40 hours and/or where they did not actually suffer meal break deductions) *with* Camesi v. UPMC, 2011 WL 6372873, *3 (W.D. Pa. Dec. 20, 2011) (disapproving of plaintiffs' attempts to cast aside opt-ins or claims that presented inconvenient facts).

[2] Should Plaintiffs, like the ones in Kuznyetsov and Camesi, decide to voluntarily dismiss this case for the purpose of appealing, their counsel may file a motion in advance of the Conference. The motion should specify Defendants' position regarding any such request. Should Plaintiffs file such a motion, the Court may, as it deems appropriate, cancel or postpone the Conference.

IT IS SO ORDERED.


May 16, 2011                                              s\Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States District Judge

cc (via ECF email notification):

All Counsel of Record